**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 08-4312**

_____

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

    v.

LETTY MELLOR,

            Defendant - Appellant.

_____

Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Glen E. Conrad, District Judge. (7:07-cr-00003-gec-2)

_____

Submitted: October 29, 2009      Decided: November 25, 2009

_____

Before GREGORY, DUNCAN, and AGEE, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Thomas E. Wray, Roanoke, Virginia, for Appellant. Julia C. Dudley, United States Attorney, Ashley B. Neese, Assistant United States Attorney, Roanoke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a jury trial, Letty Mellor was convicted on seven counts pertaining to a conspiracy to traffic in, use, produce and possess unauthorized and counterfeit access devices.[*] The district court sentenced her to a total of sixty-five months in prison. Mellor appeals, arguing that the largely circumstantial evidence was insufficient to support her convictions. Finding her claim to be without merit, we affirm.

A jury's verdict must be upheld on appeal if there is substantial evidence in the record to support it. <u>Glasser v. United States</u>, 315 U.S. 60, 80 (1942); <u>United States v. Perry</u>, 560 F.3d 246, 254 (4th Cir.), <u>cert. denied</u>, ___ S. Ct. ___,

---

[*] Specifically, the jury convicted Mellor of conspiracy to use, produce, and possess and traffic in unauthorized and counterfeit access devices, in violation of 18 U.S.C. § 371 (2006); trafficking in, producing, and using counterfeit access devices, in violation of 18 U.S.C. §§ 1029(a)(1) & 2 (2006); possessing fifteen or more counterfeit or unauthorized access devices, in violation of 18 U.S.C. §§ 1029(a)(3) & 2 (2006); trafficking in, having control or custody of, and possessing "a skimming device designed to capture credit card numbers and related data as a credit card is swiped through the device," in violation of 18 U.S.C. §§ 1029(a)(4) & 2 (2006); unlawful possession of one or more credit card numbers during and in relation to the trafficking in, producing, and using counterfeit access devices, in violation of 18 U.S.C. §§ 1028A(a)(1) & 2 (2006); unlawful transfer and use of one or more credit card numbers during and in relation to the possession of fifteen or more counterfeit or unauthorized access devices, in violation of 18 U.S.C. §§ 1028A(a)(1) & 2; and unlawful use of one or more credit card numbers during and in relation to the possession of access device-making equipment, in violation of 18 U.S.C. §§ 1028A(a)(1) & 2.

2

2009 WL 1788118 (Oct. 5, 2009). In determining whether the evidence in the record is substantial, we view the evidence in the light most favorable to the Government, and inquire whether there is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt. United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc). In evaluating the sufficiency of the evidence, we do not review the credibility of the witnesses and assume that the jury resolved all contradictions in the testimony in favor of the Government. United States v. Romer, 148 F.3d 359, 364 (4th Cir. 1998).

The evidence presented at trial showed that, while Mellor was working as a server at the Texas Steakhouse and Saloon, forty-six of her customers had their credit or debit card numbers stolen. Neither before Mellor began her employment in May 2006, nor after she left in August 2006, did the restaurant experience similar problems with customers' credit or debit card numbers being stolen. When Mellor left the Texas Steakhouse, she took a job at Sears in the jewelry department. In the few weeks that she worked there, four chargeback transactions, instances where a credit card customer informs the credit card company that he or she did not make a purchase charged to his or her account, were completed under Mellor's associate number.

Also in 2006, Mellor's husband, Landy Diaz, and Mario Rojas, the owner of a small jewelry store, arranged for Julio Mendez, a waiter at the Rancho Viejo restaurant, to steal credit and debit card numbers from his customers using a skimmer, a device used to retrieve and store numbers from the magnetic strip on the back of a credit or debit card. Mendez ultimately used the device to obtain fifty to sixty credit or debit card numbers from his customers.

Although no one witnessed Mellor using or possessing a skimmer at the Texas Steakhouse, the pockets in the apron she wore as part of her uniform were large enough to conceal such a device. At least one account fraudulently used at Sears during transactions for which Mellor was the cashier belonged to a victim who previously used her card at the Rancho Viejo where Julio Mendez had been her server. Two other fraudulent transactions at Sears for which Mellor was the cashier bore the signature "Mario Rojas."

Mellor also used a counterfeit card embossed with her father-in-law's name, but encoded with a number belonging to a customer at the Rancho Viejo who had been served by Mendez. Moreover, a laptop found in the Mellor-Diaz home contained numerous articles pertaining to the use of credit card information. The only username in the computer was "Letty Mellor." Finally, Mellor and Diaz moved from Virginia to

4

Florida the same day a press release announced that they were suspects.

Viewed in the light most favorable to the Government, we find that the evidence was sufficient to support the jury's verdict on all counts. Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>